NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0403n.06
Filed: July 7, 2008

No. 07-3596

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| JOSE ZAMARRIPA-GARCIA, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:**     **SILER and COLE, Circuit Judges; and CLELAND, District Judge.**[*]

**CLELAND, District Judge.**  Appellant Jose Zamarripa-Garcia appeals the sentence imposed by the district court.  Appellant pleaded guilty to illegal reentry into the United States after deportation under 8 U.S.C. § 1326(b)(2).  The court entered its judgment on April 16, 2007, sentencing Appellant to 46 months of imprisonment followed by two years of supervised release. We affirm.

**I.**

Zamarripa-Garcia is a native of Mexico who was convicted on April 27, 1998 in Ohio of felonious assault with a firearm specification and unlawful possession of a firearm in a liquor establishment.  He served a three-year sentence, after which he was deported to Mexico on July 15,

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

2000.  On September 5, 2006, he was a passenger in a car stopped for a traffic violation in Medina,

Ohio.  Police confirmed that he was a previously deported alien and no record was found indicating

that he obtained the necessary visa for reentry.  He was turned over to federal authorities, who

indicted him for illegal reentry in violation of 8 U.S.C. § 1326.  He pleaded guilty on April 16, 2007

and received a sentence of 46 months of imprisonment and two years of supervised release.

Appellant challenges this sentence on appeal, arguing that the sentence is unreasonable because the

district court failed to consider or give appropriate weight to relevant factors and simply adhered to

the Sentencing Guidelines.

## II.

We review the sentence of the district court for reasonableness.  *United States v. Booker*, 543

U.S. 220, 263-65 (2005); *United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006); *United States

v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, 546 U.S. 1126 (2006).  The district court's

factual findings are reviewed for clear error and its conclusions of law are reviewed de novo.  *United

States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005).  Application of the United States Sentencing

Guidelines is a legal question that is reviewed de novo.  *United States v. Gibson*, 409 F.3d 325, 338

(6th Cir. 2005).

According to the Sixth Circuit:

[W]e read *Booker* as instructing appellate courts in determining reasonableness to
consider not only the length of the sentence but also the factors evaluated and the
procedures employed by the district court in reaching its sentencing determination.
Thus, we may conclude that a sentence is unreasonable when the district judge fails
to "consider" the applicable Guidelines range or neglects to "consider" the other

factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.

*Webb*, 403 F.3d at 383 (footnote, citation omitted). Section 3553 instructs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). According to that paragraph, the court must consider the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553(a)(2). The Supreme Court allows a non-binding presumption of reasonableness for a district court's sentence that is within the properly calculated Guidelines range. *Rita v. United States*, ___ U.S. ___, 127 S.Ct. 2456, 2462 (2007). In this case, Appellant does not challenge the Guidelines calculation. Rather, he argues that a reasonable sentence should have fallen below the properly calculated Guidelines range.

The record reflects that the district court undertook careful consideration of the relevant circumstances surrounding this case. Appellant raises both procedural and substantive unreasonableness. *See Webb*, 403 F.3d at 383-84. The record supports neither challenge, because the district court considered the relevant factors under 18 U.S.C. § 3553 and applied those factors to the case in a thorough and thoughtful manner. The court stated that the Sentencing Guidelines

"are not mandatory, but nevertheless, we have to seriously consider them in terms of arriving at an appropriate sentence." The court referenced the presentence report and calculated the applicable offense and criminal history levels. The court accounted for Appellant's previous conviction for felonious assault (a crime of violence) and his earlier deportation, both of which resulted in significant offense level enhancements. The court credited Appellant for his acceptance of responsibility, which lowered his total offense level to 21. Coupled with a criminal history category of III, the court calculated Appellant's sentence range under the Guidelines: 46 to 57 months.

The district court asked the prosecutor to outline the facts that the government would be prepared to prove at trial, which the prosecutor then presented. The court accepted Appellant's guilty plea and again calculated his scores under the Guidelines. Next, defense counsel and Appellant made statements. Counsel stressed the difficulty that the case presented to Appellant's family. Counsel argued that it "was very hard to swallow" and to "understand" the sixteen-level increase under the Guidelines for illegal reentry after deportation for conviction of a violent felony. Counsel stated that Appellant's history of alcohol abuse led to his earlier conviction and that Appellant "did fairly well enough within the system . . . that he was let out early." Acknowledging the Guidelines, counsel requested that the court find a reasonable sentence below the Guideline range, because (1) Appellant has a sixth grade education, (2) he "wasn't making ends meet in Mexico" and "simply came to the States to try to provide for his family," (3) he has a supportive family and (4) imminent deportation advised against a harsh sentence. Appellant spoke briefly, stating that he reentered "thinking I wasn't going to get punished, wasn't going to get caught" and

that the only reason he returned was to work and to provide for his family.

The government responded, stressing Appellant's previous conviction and deportation and arguing that "the mere fact of coming back in is an offense at the border." The prosecutor also argued that Appellant's presence in the community "as a convicted felonious assault criminal alien" presents a risk and poses concerns that the Guidelines address. "[Appellant] knew he had to have permission and he chooses to disregard that, so the Government doesn't take the same view that the defendant does and [his counsel] does about his offense conduct."

The district court explained the Sentencing Guidelines to Appellant and articulated an underlying "policy, which is embodied into law, which is that you get a heavier penalty if you not just come back, which you are not supposed to do, but if you had what they called a violent felony." The court expressed its understanding that poverty can "require" people to take certain risks to earn a higher wage. According to the court:

> This policy regarding not coming back in, and if you do come back in, you have a double problem – you should not have come back at all. But if you didn't have that conviction, if you had been clean, so to speak, then you would have less of a problem, and that's really what is built into the law.
>
> And I do have some sympathy for the thing that causes you to want to come here, but I think that when I put it all together, I feel constrained in this case to sentence you outside the Guidelines range. I feel like you should be at the lowest end of that range, which is 46 months.
>
> I know that's a fairly high sentence, but that's, I think that's deliberate in the law for having that conviction. I have looked at it, I have to look at all the factors, and [defense counsel] has urged me to do that and that's of course what I would do anyway.

The also court commented upon Appellant's employment history and family background and chided

Appellant for forfeiting his previous rights as a permanent resident. "These felonies are really the things that got you in trouble here. That's really what it is all about." Contrasting the sentence with one appropriate for simple illegal entry, the court reasoned as follows:

> [T]his is not a fair sentence for a person who just crossed the border coming back that wasn't supposed to be here. I think it is a fair sentence for somebody who had resident legal status which was taken away, was deported, and deported because they had a felony, and you took a chance, a big chance to come back here, and the penalty has to be big to stop that kind of activity. I think that is at least the policy.
>
> So I don't feel good about every sentence imposed, but I have to do what I think is fair, and I really think in your case it is distinguishable, and it fits where I am about to sentence you.

It cannot be fairly disputed that the record contains sufficient consideration of the factors set out in Section 3553(a). *See McBride*, 434 F.3d at 476 n.3. A full review of the record, as detailed above, reveals that the court indeed considered the relevant factors in reaching a sentence that was sufficient, but not greater than necessary, to achieve those factors. Specifically, the court was mindful of the policy underlying the higher sentence for defendants who were previously deported for being convicted of a crime of violence. The court expressed a firm understanding of this policy and made efforts to explain it to Appellant. Further, the court contrasted the sentence with an appropriate sentence for an illegal entry without Appellant's criminal history. Appellant's forfeiture of his permanent resident status rights was discussed, and the court recognized the need for the law to deter the kind of activity to which Appellant pleaded guilty. The court also acknowledged Appellant's poverty, family situation and expressed motivation for illegal reentry.

Proper sentencing requires reasonable sentences, not simply the invocation of magic words by the sentencing court. *Id.* As in *Webb,* 403 F.3d at 384, where the Sixth Circuit detailed the many

factors considered by the sentencing court, in this case "there is nothing in the record which suggests that the district court's sentencing determination was unreasonable," *id*. The court "clearly explain[ed] to the defendant why the court denied his request for leniency." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). The district court, as is its duty, went beyond mere rote application of, or simple unreflective adherence to, the Guidelines. The record indicates that the district court's judgment of a sentence at the bottom of the Guidelines range with two years of supervised release was reasoned and well-founded.

### III.

For the foregoing reasons, we affirm the sentence of the district court.